UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-21573-BLOOM/Otazo-Reyes

FRANCISCO RODRIGUEZ CRUZ,

    Plaintiff,

v.

Rebecca,
*Publix Employee*

    Defendant.
_____/

## ORDER OF DISMISSAL

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record. On April 27, 2023, Plaintiff Francisco Rodriguez Cruz ("Plaintiff") filed a Complaint, ECF No. [1], and an Application to Proceed in District Court without Prepaying Fees or Costs ("Motion to Proceed *in Forma Pauperis*"), ECF No. [3]. Plaintiff, a *pro se* litigant, has not paid the required filing fee, and therefore the screening provisions of 28 U.S.C. § 1915(e) are applicable. Pursuant to the statute, courts are permitted to dismiss a suit "any time . . . the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

To state a claim for relief, a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]" Fed. R. Civ. P. 8(a). "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." *Id.* 10(b). More importantly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v.*

Case No. 23-cv-21573-BLOOM/Otazo-Reyes

*Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests[.]" *Twombly*, 550 U.S. at 555 (cleaned up).

Courts must "construe *pro se* pleadings liberally, holding them to a less stringent standard than those drafted by attorneys." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (citation omitted). Still, a *pro se* party must abide by Federal Rule of Civil Procedure 8(a)(2), which requires that a pleading contain a "short and plain statement of the claim" showing the pleader is entitled to relief. *See Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021).

Plaintiff has filed his Complaint with the Court asserting a claim under the Civil Rights Act, 42. U.S.C. §1983. "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law and (2) such deprivation occurred under color of state law." *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010). Plaintiff alleges that "[on] march 23 2023 between 7 55 pm and 8 05 pm rebecca approached the customer service desk where [he] was making a purchase and mentioned the word fraud[.]" ECF No. [1] at 2. Those allegations do not state a viable claim for relief under 42. U.S.C. §1983 because they do not allege that Plaintiff was deprived of a Constitutional or federal right by Defendant and do not allege that Defendant acted under color of state law.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. This Case is **DISMISSED WITHOUT PREJUDICE**.
2. Plaintiff's Motion to Proceed *in forma Pauperis*, **ECF No. [3]**, is **DENIED as moot**.
3. The Clerk shall **CLOSE** the case.

Case No. 23-cv-21573-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 27, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Francisco Rodriguez Cruz
15605 SW 295 Terrace
Homestead, FL 33033
*Pro Se*